UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ADCORP MEDIA GROUP,** | Civ. No. 15-1190 (KM) |
| Defendant/Counterclaim-Plaintiff/Third Party-Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| **JONATHAN BACH,** | |
| Third Party-Defendant. | |

<u>**KEVIN MCNULTY, U.S.D.J.:**</u>

This action involves allegations of tortious economic interference by competing advertising companies. In its third-party complaint, AdCorp Media Group alleges that Jonathan Bach, an employee of a competing business, Shopperlocal LLC, tortiously interfered with AdCorp's contracts and prospective opportunities for advertising projects at various supermarkets.

Before the Court is third-party defendant Jonathan Bach's motion to dismiss the third-party complaint against him for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 14) For the reasons discussed below, the motion to dismiss is denied.

**Third-party complaint**

The allegations of the third-party complaint (Dkt. No. 8) are as follows.

Third-party plaintiff AdCorp is a media company that offers advertising signage in various formats to major supermarkets. Third-party defendant Jonathan Bach is a regional sales manager at Shopperlocal, a competitor in the supermarket advertising industry. AdCorp alleges that Bach, as an employee of Shopperlocal, tortiously interfered with AdCorp's existing contractual

relationships as well as its prospective economic relationships with potential customers.

Specifically, Bach interfered with Adcorp's contractual relationships with two supermarket chains, Zallie and Price Rite. AdCorp alleges that Bach sent AdCorp's customers false emails stating that Shopperlocal was "taking over" shopping cart ads at Zallie. Bach also allegedly installed advertisements at a Price Rite market, despite AdCorp's contractual relationship with Price Rite. Interference with prospective relations is alleged more generally, and I do not focus on it here.

**Standard on a motion to dismiss**

Bach has moved to dismiss the third-party complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**Discussion**

According to Bach, an employee acting within the scope of his employment can never be liable for tortious interference with a contract or prospective economic opportunity. Because he acted within the scope of his employment for Shopperlocal, says Bach, the tortious interference claims against him fail as a matter of law.

That is not correct. True, where the principal is incapable of committing the tort, then so is its employee/agent; an agent, acting within the scope of employment, partakes of the employer's incapacity to commit the tort. But Shopperlocal, a third party with respect to the contracts at issue, does possess the capacity to commit tortious interference. It follows that its agent, Bach, is capable as well. Unless his employer is exempt from a tortious interference claim, nothing about Bach's general status as an employee exempts him.

The remedy available between contractual parties is an action for breach of contract. By contrast, tortious interference is a third-party tort; it will only lie against defendants who are *not* parties to the contract. *Printing Mart–Morristown v. Sharp Elec. Corp.*, 116 N.J. 739, 752, 563 A.2d 31 (1989). For a tortious interference claim, a contractual party is not an eligible defendant. It follows that a contractual party's agent, acting within the scope of employment, is not an eligible defendant, either.

So says the case law. Where an *employer is itself a party to the contract* allegedly being interfered with, then its employee, acting within the scope of employment, cannot be liable either. See *DiMaria Construction., Inc. v. Interarch*, 351 N.J. Super. 558, 567-73 (App. Div. 2001); *DeJoy v. Comcast*

*Cable Communications Inc.*, 941 F. Supp. 468, 476-77 (D.N.J. 1996); *Fiorglio v. City of Atlantic City*, 996 F. Supp. 379, 392-93 (D.N.J. 1998); *Obendorfer v. Gitano Group, Inc.*, 838 F. Supp. 950, 953 (D.N.J. 1993). Once again, the employee, acting within the scope of employment, is the employer's agent. Therefore, if the employer is a party to the contractual relationship—*i.e.*, if the employer is not a *third party* capable of tortiously interfering with that contract—then neither is the employee.[1]

The contractual relationship allegedly interfered with is between Adcorp and Zallie, or between Adcorp and Price Rite. Neither Shopperlocal nor Bach is a party to those contractual relationships. Bach is an employee of Shopperlocal, not of the contractual parties, Adcorp, Zallie, or Price Rite.

---

[1]  Bach cites a decision of this Court, *Barrett v. Walgreens, Inc.*, Civ. No. 12-6259, 2015 WL 1021276 (D.N.J. March 6, 2015). *Barrett,* however, is of no help to him:

> If the defendant employee was acting within the scope of employment, New Jersey law bars a tortious interference claim. If, on the other hand, the defendant employee was *not* acting within the scope of employment, that employee can be liable.
>
> The rationale is as follows: Tortious interference is a third-party tort; a party cannot, for example, tortiously interfere with that party's own contract. The acts of an employee within the scope of employment are deemed to be the acts of the employer. **The employer, however, is a party to the economically advantageous relationship.** Therefore an employee, if acting on the employer's behalf, cannot tortiously interfere **with a co-employee's economic relationship with their mutual employer.** *Michelson v. Exxon Research and Engineering Co.*, 808 F.2d 1005, 1007–08 (3d Cir.1987) (addressing the same issue with respect to Pennsylvania law).

*Barrett*, 2015 WL 1021276, at *10-11 (emphasis added).

*Barrett* is just an application of the third-party principle, *i.e.*, that tortious interference consists of A interfering with relations between B and C. *Barrett* states that where Employee A is acting within the scope of A's employment, he is acting as the agent of his Employer, B. Employee A thus stands in the shoes of B; he is not a third party who can "interfere" with B's relations with Employee C.

A caveat, not relevant here, is that an agent acting *outside* the scope of employment is not acting as an agent at all. He "is treated as a third party to the employer/employee relationship. Such a defendant, like any other third party, is potentially liable for tortious interference." *Id.* at 11; *see DiMaria*, 351 N.J. Super. at 568.

4

Shopperlocal is an outsider—a third party vis-à-vis the contracts. Bach, as Shopperlocal's agent, is likewise an outsider, capable of committing tortious interference. He is an eligible defendant.

## CONCLUSION

For the foregoing reasons, third-party defendant Jonathan Bach's motion to dismiss the third-party complaint is DENIED. (Dkt. No. 14). An appropriate order accompanies this opinion.

Dated: March 11, 2016
Newark, New Jersey

_____
HON. KEVIN MCNULTY
United States District Judge